1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7   ROSEANNA MARTHA ROBINSON,              No. C 12-00730 (JCS)
8          Plaintiff,
                                           **ORDER GRANTING TOY AND**
9      v.                                  **ROBINSON'S MOTION TO DISMISS**
                                           **AND GRANTING TOY'S MOTION TO**
10  ALAMEDA COUNTY, ET AL.,                **STRIKE PLAINTIFF'S FIFTH CAUSE**
                                           **OF ACTION FOR DEFAMATION**
11         Defendants.
    _____/   **[Docket Nos. 10, 11]**
12
13
14  **I.      INTRODUCTION**

15          Defendants Herbert Robinson ("Robinson") and Michael Toy ("Toy") have filed a Motion

16  To Dismiss For Failure To State A Claim [F.R.C.P. 12(b)(6)] ("Motion to Dismiss").  Defendant

17  Toy has separately filed a Special Motion To Strike Plaintiff's Claim For Defamation [Cal. Civ.

18  Proc. § 425.16] ("Motion to Strike").  The parties have consented to the jurisdiction of a magistrate

19  judge pursuant to 28 U.S.C. Section 636(c).  The Court finds that the Motions are suitable for

20  disposition without oral argument.  For the reasons stated below, the Motion to Dismiss is

21  GRANTED WITH PREJUDICE, and the Motion to Strike is GRANTED.

22  **II.     BACKGROUND**

23          **A.      Factual History**

24          Roseanna Martha Robinson ("Plaintiff") is a sixty year old woman who has worked for the

25  Alameda County Probation Department ("County") since August 10, 1998.  Complaint, ¶¶ 6, 10.

26  She began work as a Group Counselor-Intermittent at the San Leandro Juvenile Hall Facility and has

27  remained in that position since 1998, although in 2007 the name of her position was changed to JIO

28

United States District Court

For the Northern District of California

- Intermittent ("JIO-I"). *Id.,* at ¶ 11. She is responsible for ensuring the care, custody, and control of juvenile detainees. *Id.,* at ¶ 12.

In 1999, when Plaintiff was forty eight, she applied for a JIO-I permanent position. *Id.,* at ¶ 14(a). Plaintiff was the oldest candidate and put on the eligible candidate list, but she was not given the promotion. *Id.* The County promoted all of the other candidates on the list. *Id.* Plaintiff complained to the County that all of other candidates were promoted except for her, but the County did not respond to her complaints. *Id.*

In 2001, when she was fifty years old, Plaintiff applied for a JIO-I permanent position, passed the oral interview, and was ranked as the top eligible candidate. *Id.,* at ¶ 14(b). However, the County promoted a younger candidate who ranked lower. *Id.* On or about January 2005, Plaintiff again applied for the JIO-I and JIO-III permanent positions. *Id.,* at ¶ 14(c). She was ranked number two on the JIO-I list and number one on the JIO-III list of eligible candidates, but the County did not give her either of those promotions. *Id.* She complained of age discrimination, and alleges that her employer retaliated against her as a result of her complaint. *Id.*

On or about January 8, 2010, Plaintiff again applied for a promotion to be a JIO-I permanent. *Id.,* at ¶ 14(g). She passed both the physical and medical exams and the background check, but was told she must submit to Dr. Tong's ("Tong") psychological evaluation and testing. *Id.* Tong told her secretary to administer the test and did not make sure Plaintiff fully understood the purpose of the exam and the uses to which it may be put. *Id.* During the test, Tong pressured Plaintiff to hurry up because she claimed that Plaintiff was taking too long. *Id.*

On or about January 14, 2011, Robinson, an upper-level supervisor at the San Leandro Juvenile Hall Facility, told Michael Rodrigues ("Rodrigues"), a County IS-I, that Plaintiff did not pass the psychological exam for the JIO-I permanent position and that she was unfit to work as a JIO.[1] *Id.,* at ¶¶ 9, 15. Plaintiff alleges that this is false. *Id.,* at ¶ 15. Plaintiff alleges further that she

---

[1] An IS-I directs and supervises JIO's. Compl., ¶ 12.

did not give Robinson consent to access her results from Tong's examination. *Id.* Tong and the County distributed her exam and testing results to numerous other County employees. *Id.* Rodrigues then told Plaintiff not to come into work. *Id.,* at ¶ 16. The County has not scheduled Plaintiff to work for over a year because it claims she failed Tong's psychological examination. *Id.* Plaintiff alleges that Tong and the County have not allowed Plaintiff or her designees to review the examination results, making it impossible for her to refute the results and assess if the test results were accurate. *Id.* Plaintiff has asked the County to specify which portions of the exam or minimum requirements she did not pass, but the County has refused. *Id.* Plaintiff also alleges that she has provided the County with an assessment from another qualified psychologist, which states that Plaintiff is fit to work. *Id.* Plaintiff has alleged that County refuses to accept that psychologist's assessment. *Id.*

A separate incident occurred on November 22, 2008. On that day, Plaintiff, Michael Toy (a permanent JIO from whom Plaintiff received directives), and two of their co-workers (Felila Caraballo and Charles Brown) were supervising the San Leandro Juvenile Hall Facility detainees. *Id.,* at ¶ 13(i). During their shift, Plaintiff and Caraballo went on a break, at which time Toy checked and was responsible for ensuring each detainee was in his or her designated room. *Id.* Caraballo then returned from her break, checked the detainee's rooms, and noticed one of the detainees was not in her designated room but was hiding in another detainee's room. *Id.*

Plaintiff, Toy, and Caraballo were required to submit individual reports to Robinson detailing the incident and providing a reason that a designee was not in her designated room. *Id.* Plaintiff alleges Toy told her that he and Caraballo agreed they would falsely claim that the detainee was not in her proper room because when Toy checked the detainee's rooms he thought the detainee's designated room was empty and not assigned to a detainee. *Id.* Plaintiff informed Toy that she was unwilling to file a false report. *Id.*; Declaration Of Roseanna Martha Robinson In Support Of Opposition To Anti-SLAPP Motion ("Plaintiff's Affidavit"). Plaintiff alleges that Robinson then recommended Plaintiff for a five-day suspension based on four charges of misconduct, and Toy and Caraballo were recommended for two-day suspensions based on two charges of misconduct.

United States District Court

For the Northern District of California

Compl., ¶ 13(i).  Assistant Chief William Fenton accepted Robinson's recommendation.  *Id.*
Plaintiff alleges Toy told her that Robinson and Fenton told Toy they were going to take care of him
and wanted him to cooperate with them.  *Id.*; Plaintiff's Affidavit.  Plaintiff alleges that she
complained that she was being wrongfully disciplined and being treated differently than the other
employees.  Compl., ¶ 13(I).  She contends that the suspension and misconduct charges harmed her
prospects for a promotion and employment outside of the County, and caused a loss in her pay.  *Id.*

Plaintiff appealed her suspension to the Alameda County Civil Service Commission.  *Id.*;
Motion to Dismiss at 3.  On July 20, 2011, Toy was scheduled to testify at the appeal hearing and sat
in the waiting room area before his testimony.  Compl., at ¶18; Motion to Strike at 2.  Plaintiff
alleges Toy falsely told Internal Affairs that she threatened him prior to his testimony.  Compl., ¶ 18.
Plaintiff alleges that a third-party who is not an employee of the County overheard Toy and
Plaintiff's conversation and has stated that Plaintiff did not threaten Toy.[23]  *Id.*

---

[2] Stacey Jones is the third party who allegedly overheard Plaintiff and Toy's conversation.
Plaintiff has submitted an affidavit in Support of Motion to Strike (Doc. No. 19, ¶ 6), which includes
an affidavit from Stacey Jones in which she states that she heard Plaintiff say: "'Hi Toy.  Hope you
don't throw me under the bus today.  See ya.' With a friendly tone."  Plaintiff's Affidavit, Attachment
2 ("Jones affidavit").

[3] Defendant Toy objects to the Jones affidavit  because it is not signed under penalty of perjury
per FRCP 43(c).  Defendant Toy's Objection To The Affidavit Of Stacey Jones Submitted In Opposition
To Toy's Anti-SLAPP Motion ("Obj. to Jones' Affidavit") at 2.  The Court overrules this objection.
FRCP 43(b) provides, "[w]hen these rules require an oath, a solemn affirmation suffices."  The first line
of Jones' affidavit states, "I Stacey Jones do solemnly affirm to the best of my knowledge that
statements below are true."  Jones affidavit.  Therefore, the Court finds that Jones provided a solemn
affirmation that satisfies FRCP 43.
    Further, citing Fed. R. of Evid. 902, Toy argues that Jones affidavit "lacks foundation."  Obj. to
Jones Affidavit at 2.  The Court rejects this argument.  First, Rule 902 addresses authenticity.  To the
extent the Defendant's objection is based upon lack of authenticity, the Court overrules this objection.
The Jones affidavit is "a document accompanied by a certificate of acknowledgment," and has been
notarized.  Thus, this document does not require extrinsic evidence of authenticity in order to be
admissible.  Rule 902(8); Jones affidavit.
    Toy also argues that Jones affidavit constitutes inadmissible hearsay.  Jones' statements were
"not [made] while testifying at the current trial or hearing," and they were offered "in evidence to prove
the truth of the matter asserted in the statement."  Federal Rule of Evidence 801.  Although it appears
that this affidavit contains hearsay, the Court need not rule on this objection because the Court does not
rely upon the Jones affidavit in this Order.

United States District Court

For the Northern District of California

Later that day, Toy e-mailed Craig Emmons in the Probation Department's Internal Affairs Unit ("Internal Affairs") and falsely told him that Plaintiff threatened him.[4]  *Id.*  Plaintiff alleges the complaint was false and defamatory, and that Toy was influenced to make the accusation because his superiors sought to manufacture grounds for Plaintiff's termination.  *Id.*

Plaintiff alleges that the dissemination of this false psychological information invaded her privacy, hurt her prospects for promotion, prevented her from working, reduced her chances of obtaining employment outside the County, and has subjected her to embarrassment, humiliation, and ridicule.  *Id.,* at ¶ 15.

**B.     Procedural History**

On February 14, 2012 Plaintiff filed her Complaint, which alleges five causes of action. Plaintiff's Complaint is silent as to whether or not she filed a government claim pursuit to the California Government Claims Act ("CGCA"), codified at California Government Code section 950.2, prior to the filing of her Complaint.

First, Plaintiff alleges that the County violated the Age Discrimination in Employment Act (29 U.S.C. §§ 621 through 634) as it discriminated and harassed her because she is sixty years old. Compl., ¶¶ 22, 27.  Plaintiff alleges she is qualified both to work as a JIO-I and for a promotion to a permanent JIO position, but her work schedule was shortened, she was not scheduled for advanced training, and she was not given a promotion.  *Id.*, at ¶¶ 24-26.

Second, Plaintiff asserts a claim against the County for retaliation in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e-5 *et seq.*).  Plaintiff alleges her complaints against the County for age discrimination, harassment, refusal to hire her as a permanent JIO, and reports of inappropriate sex-based comments were protected activities.  Compl., at ¶ 32.  She alleges the County retaliated against her, as it reduced her work hours, hired and promoted younger workers

---

[4] Also, in Toy's e-mail to Internal Affairs he stated that "[a]fter consulting a few people" he decided to tell Internal Affairs about Plaintiff's alleged threat.  Plaintiff's Affidavit at 4.  A person from Internal Affairs also said Toy told other people about the alleged threat before reporting the incident to the County.  *Id.,* at 2.

5

United States District Court

For the Northern District of California

over her, referred her to Internal Affairs on unwarranted charges, wrongfully disciplined her, and subjected her to an abusive and hostile work environment. *Id.*, at ¶ 33.

Third, Plaintiff states a claim against Defendant Tong for violating the Health Insurance Portability and Accountability Act ("HIPPA"). Plaintiff alleges HIPPA establishes strict procedures to maintain the confidentiality and security of healthcare records. *Id.*, at ¶ 39. She also alleges HIPPA required Tong to allow her or her designees to review her results of Tong's psychological examination, but Tong refused. *Id.*, at ¶¶ 40-41. Plaintiff states that Tong violated HIPPA to appease and assist the County. *Id.*, at ¶ 43.

Fourth, Plaintiff states a claim for violation of the California Health and Safety Code sections 123100-123149.5. Plaintiff alleges that under section 123105, Tong is a healthcare provider and required to allow Plaintiff or her designees to view her results of the psychological examination, but Tong refused. *Id.*, at ¶ 46-47. Plaintiff alleges Tong violated sections 123100-123149.5 to appease and assist the County. *Id.*, at ¶ 49.

In Plaintiff's fifth claim for defamation, she alleges that: 1) Robinson defamed her when he falsely told Rodrigues and other County employees that she did not pass Tong's examination and was unfit to work (*Id.*, at ¶¶ 51, 52); and 2) Toy defamed her when he falsely told Internal Affairs she had threatened him. *Id.* Plaintiff alleges that Toy and Robinson's actions exposed her to hatred, ridicule, contempt, and loss of reputation because the accusations were slanderous and widely disseminated. *Id.*, at ¶ 52. Further, she alleges that Defendants' defamatory statements were not privileged because they stemmed from malice, hatred, and ill will. *Id.,* at ¶ 54. Plaintiff seeks punitive damages. *Id.*

According to Plaintiff, the County's unlawful conduct has caused her to suffer substantial loss of income that resulted in the loss of her home, curtailment of her ability to advance her career via denial of promotional opportunities and training, severe emotional distress, mental anguish, embarrassment and humiliation, and pain and suffering associated with extreme stress. *Id.*, at ¶ 20. She seeks injunctive relief directing the County to take specific action to protect her from further acts of discrimination and retaliation, an order preventing the County from denying her a promotion

to a JIO permanent position, an order directing the County to thoroughly investigate allegations of retaliation and discrimination against her for engaging in protected activities, an order allowing her or her designees to inspect and copy records of her psychological exam and testing, and an award of reasonable attorney's fees and costs. *Id.*, Relief Requested (p.17). Plaintiff also requests compensatory and nominal damages against the County, and injunctive relief, compensatory and punitive damages against Tong, Robinson, and Toy. *Id.*, at ¶¶ 2, 54.

###### C.   Toy and Robinson's Motion to Dismiss

####### 1.   Motion to Dismiss

In their Motion to Dismiss, Defendants argue that Plaintiff's defamation claim is defective because she does not allege her compliance with the CGCA nor does she provide an excuse for her noncompliance. Motion To Dismiss at 2. Defendants argue that under the CGCA the Plaintiff must first file a government claim to the public entity in order to assert a state law claim against a public employee. *Id.,* at 4. Defendants assert that "the timely filing of a claim is an essential element of a cause of action against a public entity and failure to allege compliance with the claims statute renders the complaint subject to a general demurrer." *Id.* (quoting *Wood v. Riverside General Hospital,* 25 Cal. App. 4th 1113, 1119 (1994).

####### 2.   Plaintiff's Opposition to Motion to Dismiss

In response to Defendants' Motion to Dismiss, Plaintiff argues that she is not required to assert an "excuse, waiver or exemption" in her Complaint for noncompliance with the CGCA. Plaintiff Roseanna Martha Robinson Memorandum Of Points And Authorities In Opposition To Defendants' Motion To Dismiss For Failure To State A Claim [F.R.C.P. 12(b)(6)] ("Opp. to Motion to Dismiss") at 2. She also states that even if noncompliance with the CGCA provides grounds for the dismissal of her claim, the CGCA does not necessarily *require* it. *Id.* Plaintiff offers three reasons for her noncompliance with the CGCA and states that the Motion to Dismiss should be denied because it cannot be determined from the face of the Complaint whether the three excuses apply. *Id.,* at 4-6.

7

United States District Court

For the Northern District of California

First, Plaintiff argues that under California Government Code §53051 the County is required to provide identifying information to the California Secretary of State and the County Clerk. *Id.,* at 4. Identifying information includes the full, legal name and mailing address of the public agency, the name and residence of each member of the public agency's governing board, and the name, title, and residence of the public agency's officers. § 53051. Plaintiff states that if the County failed to do so, it would excuse her from filing a government claim within the required time limits. Opp. to Motion to Dismiss, at 4. Plaintiff argues that it cannot be determined from the face of the Complaint whether the County complied with section 53051 and filed identifying information, so extrinsic evidence is required to determine whether it complied. *Id.* Accordingly, Plaintiff contends that the Motion to Dismiss is conditional upon whether the County filed the required identifying information, and "when a defense is conditional rather than absolute" the Court should deny the defense. *Id.*

Second, Plaintiff argues that if her employment contract with the County provides an alternative claim procedure, then that procedure supercedes the CGCA claim filing requirement. *Id.,* at 5. She argues that her Complaint alleges that she is a certified peace officer and a JIO, so it can be inferred that she is a represented employee through a collective bargaining agreement. *Id.* Plaintiff contends that it cannot be determined from the face of the Complaint whether an alternative claim procedure in her collective bargaining agreement (MOU) exists, so the Court cannot grant the Motion to Dismiss because extrinsic evidence is required to make that assessment. *Id.*

Third, Plaintiff argues that the CGCA does not apply to claims for nonpecuniary actions such as injunctive, specific, and declaratory relief. *Id.* She states that her defamatory claim seeks injunctive relief, so the CGCA claim filing requirement does not apply. *Id.* Plaintiff states that "[t]o the extent that the Court feels that Plaintiff's request for injunctive relief against these two individuals may need to be clarified, Plaintiff would request leave to amend the complaint to do so." *Id.*

Alternatively, Plaintiff argues that if the state claims filing requirement is not excused, her Complaint can be amended to comply with the CGCA or include claims that are exempt from the

8

United States District Court
For the Northern District of California

CGCA claim filing requirement. *Id.,* at 6. Plaintiff states that she can amend her Complaint to state

individual capacity damages against Defendants under federal law "under section 1983, the

constitution, or individual FEHA," because such claims are exempt from the state claims filing

procedures. *Id.* Plaintiff argues that leave to amend should be granted in the event the Court is

inclined to grant the Motion to Dismiss. *Id.*

### 3.    Reply Brief In Support of Motion to Dismiss

Defendants assert that despite Plaintiff's three potential excuses, her Complaint does not

contain facts that support any of the proffered excuses. Reply Brief In Support Of Defendants

Robinson And Toy's Motion To Dismiss For Failure To State A Claim [F.R.C.P. 12(b)(6)] ("Reply

to Motion to Dismiss") at 2. Defendants argue that it is insufficient for Plaintiff to contend that the

Motion to Dismiss should be denied solely because it cannot be determined from the face of the

Complaint whether any of her potential excuses are viable. *Id.* Rather, Defendants argue that

Plaintiff's failure to assert compliance with the CGCA or allege factual excuses for noncompliance

renders her defamation claim defective, warranting dismissal. *Id.,* at 3.

In response to Plaintiff's first potential excuse for noncompliance with the CGCA,

Defendants argue that section 53051 does not apply to the County. *Id.,* at 4. They argue that section

53051 only applies to public agencies, and section 53050 defines a public agency as "a district,

public authority, public agency, and any other political subdivision or public corporation in the state,

but does not include the state or a county, city and county, or city." *Id.* (quoting California

Government Code section 53050). As such, Defendants argue that the County's possible failure to

file identifying information is not a valid excuse for Plaintiff's noncompliance with the CGCA. *Id.*

With respect to Plaintiff's second potential excuse, Defendants note that the Plaintiff's

Complaint did not allege that an alternative claim procedure exists nor did she mention the

Memorandum of Understanding ("MOU") between the Probation Peace Officers' Association and

Alameda County.[5]  *Id.,* at 5.  Further, Defendants state that the MOU does not contain a specific alternative claim procedure for defamation; thus, the MOU does not provide a sufficient excuse.  *Id.*

With respect to Plaintiff's third potential excuse, Defendants point out that Plaintiff's fifth cause of action does not seek injunctive relief.  *Id.*  Defendants argue that when a plaintiff seeks injunctive relief, FRCP 8 requires the complaint to specify the injunctive relief requested. Defendants state that Plaintiff has failed to do so.  *Id.,* at 6.  Defendants assert that Plaintiff mentions a request for injunctive relief twice: 1) in paragraph two in which there is a general request for "injunctive relief, compensatory and punitive damages . . . ," and 2) in the Complaint's Request for Relief (e), which includes a request for "an order enjoining Defendant County and its directors, officers, agents, employees, successors, and all persons in active concert or participation with the County from precluding Robinson from being scheduled to work . . . ."  *Id.,* at 6-7.  In regards to the first instance, Defendants state that Plaintiff's request is unspecified and does not show that the injunctive relief pertains to the defamation claim.  *Id.,* at 6.  In regards to the second instance, Defendants argue that the general request for injunctive relief does not have a "logical or legal connection" with the fifth claim for defamation.  *Id.,* at 7.  Thus, Defendants assert that the specificity requirements under FRCP 8 is not satisfied, so Plaintiff's defamation claim does not include a proper request for injunctive relief.  *Id.*

Defendants also state that Plaintiff cannot properly seek injunctive relief because an adequate remedy at law - monetary damages - exists for her claim.  *Id.*  Defendants argue that Plaintiff could have complied with the CGCA and sought monetary damages.  *Id.*  However, her failure to do so does not abrogate her previous adequate remedy at law.  *Id.*  Defendants assert that a remedy is still adequate even if it is no longer available because of a plaintiff's action or inaction.  *Id.*  Therefore, Defendants argue that even though Plaintiff's noncompliance with the CGCA might prevent her from obtaining monetary damages, her remedy is not inadequate because she could have complied

---

[5] The MOU is a collective bargaining agreement between the Probation Peace Officers' Association and Alameda County.  If the MOU provided an alternative claim procedure then that would supercede the CGCA claim filing requirement.  California Government Code section 930.4

10

**United States District Court**
For the Northern District of California

1    with the CGCA and potentially obtained monetary damages. *Id.* Thus, Defendants assert that

2    Plaintiff had no basis to request injunctive relief. *Id.*

3    Moreover, Defendants argue that even assuming for the sake of argument that Plaintiff's

4    defamation claim included a proper request for injunctive relief, the inclusion of such a request does

5    not excuse her non-compliance. *Id.,* at 8. Defendants argue that a CGCA government claim is still

6    required for a complaint that seeks injunctive relief, where it also seeks monetary relief that is not

7    incidental to the complaint. *Id.* They assert that Plaintiff's fifth cause of action includes a request

8    for damages "in a total amount to be established by proof at trial," as well as punitive damages. *Id.*

9    (quoting Compl., ¶ 53). Also, Defendants state that Plaintiff could have sought nominal damages

10   but chose to seek punitive and compensatory damages for "loss of reputation, shame mortification

11   and injury to her feelings . . . ." *Id.* As such, Defendants argue that Plaintiff's request for monetary

12   damages is more than incidental to her request for relief, so the CGCA claims filing requirement

13   applies. *Id.*

14   In response to Plaintiff's potential request for leave to amend, Defendants state that Plaintiff

15   is not excused from the CGCA claim filing requirement even if she potentially has other causes of

16   action that she has not pled. *Id.,* at 9. Also, Defendants point out that in Plaintiff's Opposition to the

17   Motion to Strike, she requests leave to amend her Complaint and add new claims, but does not seek

18   to amend her fifth cause of action. *Id.* Thus, they assert that granting leave to amend would be

19   futile. *Id.*

20                    **4.      Toy and Robinson's Request for Judicial Notice**

21   Defendants request the Court to take judicial notice of the MOU per Federal Rule of

22   Evidence 201. Defendants Robinson And Toy's Request For Judicial Notice In Support Of Their

23   Motion To Dismiss For Failure To State A Claim [F.R.C.P. 12(b)(6)] ("Request for Judicial Notice

24   of MOU") at 2 (citing *DiRuzza v. County of Tehama,* 206 F.3d 1304 (9th Cir. 2000) (court took

25   judicial notice of a Memorandum of Understanding between a county employer and the employee

26   association). Plaintiff has not opposed the request. Accordingly, the Court GRANTS Defendants'

27   request.

28                                                            11

**D.    Toy's Motion to Strike**

**1.    Motion to Strike**

Defendant Toy has also filed a Motion to Strike.  Notice Of Defendant Toy's Special Motion To Strike Plaintiff's Claim For Defamation [Cal. Civ. Proc. § 425.16] at 1.  Toy argues that he is immune from liability for his possible defamatory allegations because he satisfies the requirements of the two-prong California anti-SLAPP statute (California Civil Procedure Code section 425.16). Motion to Strike at 1.  First, the anti-SLAPP statute applies to his statements to Internal Affairs as "protected activities."  *Id.*  Second, Toy alleges Plaintiff cannot show a probability of prevailing on her defamation claim because his statements are protected under California immunity laws: California Civil Code section 47 and Government Code section 821.6.  *Id.*

Even if the Court grants Defendants' Motion to Dismiss, Toy asks the Court to rule on his Motion to Strike because a 12(b)(6) motion does not render an anti-SLAPP motion moot.  *Id.,* at 2. (citing *Slymar Air Conditioning v. Pueblo Contracting Services, Inc.*, 122 Cal. App. 4th 1049, 1054-1055 (2004)) (citations omitted).

In addition to Plaintiff's description of Toy's alleged defamation incident, Toy adds that on July 20, 2011 he was scheduled to testify at Plaintiff's appeal of her five-day suspension to the Alameda County Civil Service Commission.  *Id.,* at 2.  Toy states that he was in a waiting room prior to his testimony, then Plaintiff entered the room and told him in a serious voice, "I know we aren't supposed to talk, but if you throw me under the bus it's going to be bad for you.  You heard me.  It's going to be bad for you."  *Id.*  That night, Toy e-mailed Internal Affairs to file a complaint about Plaintiff's threat.  *Id.*

Toy states that internal investigations by public entities are official proceedings and statements made to them are protected.  *Id.*, at 6.  Hence, Toy asserts statements made to initiate such investigations are also protected, so his complaint to Internal Affairs is a protected activity to which the anti-SLAPP statute applies.  *Id.*  Further, Toy argues that his complaint to Internal Affairs is the only allegedly defamatory statement he made, so Plaintiff's entire claim is based upon his protected activity.  *Id.*, at 7.  Accordingly, Toy states that he met his burden of proving that

12

Plaintiff's claim is based upon Toy's actions that were in furtherance of his right of petition or free speech, satisfying the first prong of the anti-SLAPP statute. *Id.*  In regards to the second prong of the anti-SLAPP statute, Toy argues that Plaintiff cannot meet her burden of establishing a probability that she will prevail on her claim for three reasons. *Id.*

First, Toy (as argued further in the Motion to Dismiss) contends that Plaintiff's defamation claim is defectively pled because it does not comply with the CGCA.  Thus, Toy asserts that Plaintiff cannot meet her burden of demonstrating a probability of success. *Id.*, at 8.

Second, Toy argues that because Internal Affairs qualifies as an official proceeding,  his statements to Internal Affairs were protected under California Civil Code Section 47(b) (the litigation privilege). *Id.*  Toy states that the "[section 47] privilege is absolute," and bars all civil claims, except a claim for malicious prosecution. *Id.*  Toy asserts that because the section 47 privilege is absolute, Plaintiff cannot overcome the privilege by showing his statements were made with malice. *Id.*  Toy argues that an internal investigation by a governmental entity qualifies as an "official proceeding" under section 47. *Id.,* at 9.

Third, Toy states that Plaintiff does not have a probability of prevailing on her defamation claim because California Government Code section 821.6 grants Toy immunity. *Id.*  Section 821.6 provides, "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." *Id.* (quoting section 821.6).  Further, Toy contends section 821.6 applies to statements made in preparation for a formal proceeding, and that the purpose of his statements was to initiate an investigation. *Id.*  Therefore, Toy argues that it is irrelevant whether he had malice, because his statements were protected.  Thus, Plaintiff cannot establish a probability of prevailing on her claim. *Id.*

Consequently, Toy states that he has met both burdens of the anti-SLAPP two prong test, and thus granting leave to amend is futile because his statements are "absolutely privileged." *Id.*, at 10.

United States District Court

For the Northern District of California

2.    **Plaintiff's Opposition to Motion to Strike**

Plaintiff states that Toy, who is supervised by Robinson, subjected her to multiple instances of sex-based discrimination, harassment, and retaliation, and suggested to Plaintiff that the County was going to protect him if he helped them terminate her employment.  Plaintiff's Points And Authorities In Opposition To Anti-SLAPP Motion To Strike Fifth Claim For Defamation Under California Code Of Civil Procedure Section [425.16] ("Opp. to Motion to Strike") at 2.  She contends that Toy falsely made defamatory statements about her to assist the County's goal of firing her.  *Id*.  Plaintiff asserts that Toy admitted that he made the defamatory statements to Internal Affairs and other people outside of Internal Affairs.  *Id*.  She states that a third party eye witness submitted an affidavit, which states that she did not threatened Toy.  *Id*.  Therefore, Plaintiff argues that Toy does not satisfy the first prong of the anti-SLAPP statute because Toy's allegations were false and false statements are not entitled to constitutional protection.  *Id*., at 5.

Plaintiff also contends that not all employer investigations are classified as "official proceedings," as such proceedings must be subject to review by writ of mandate.  *Id*.  An internal affairs investigation is not subject to such review.  *Id*.

Further, Plaintiff states that Toy made his allegations to people outside of Internal Affairs, and the anti-SLAPP statute does not protect those statements.  *Id*.

She also argues that a statement meets the anti-SLAPP statute's requirement of being "in connection with a public issue" if:

> (1) The subject of the statement or activity precipitating the claim was a person or entity in the public eye. (2) The statement or activity precipitating the claim involved conduct that could affect large numbers of people beyond the direct participants. [or] (3) The statement or activity precipitating the claim involved a topic of widespread public interest.

*Id*. (citing *Commonwealth Energy Corp v. Investor Data Exchange, Inc*, 110 Cal. App. 4th 26, 33 (2003)).  Plaintiff contends that none of these three categories applies to the present case: she is not a person in the public eye, Toy's statements did not affect large numbers of people, and her alleged threat did not involve a topic of widespread public interest.  *Id*., at 6.  Therefore, she asserts Toy's

**United States District Court**

For the Northern District of California

1   statements to Internal Affairs do not satisfy the anti-SLAPP's requirement that the statement be in

2   connection with a public issue.  *Id.*

3     Plaintiff next argues that she can establish a probability of prevailing and thus she meets her

4   burden on the second prong of the anti-SLAPP statute.  *Id.*  She contends that the litigation privilege

5   does not apply because Toy's statements were not made in connection with litigation and the

6   litigation privilege must be pleaded in an answer and Toy has not done so.  *Id.*  Plaintiff also argues

7   that the litigation privilege only applies to communicative acts and not to tortious conduct, such as

8   Toy's defamatory statements.  *Id.*, at 7.  She asserts further that Jones' affidavit proves that Toy's

9   statements are provably false.  *Id.*  Lastly, Plaintiff states that Toy communicated his statements to

10  people outside of Internal Affairs.  *Id.*

11    Therefore, Plaintiff argues that the anti-SLAPP statute does not apply.

12        **3.**  **Reply Brief in Support of Motion to Strike**

13    Toy argues that Plaintiff's argument that Toy's statements are not protected because they are

14  false misstates the law.   Reply Brief In Support Of Defendant Toy's Special Motion To Strike

15  Plaintiff's Claim For Defamation [Cal. Civ. Proc.  425.16] ("Reply to Motion to Strike") at 1.  Toy

16  asserts that the alleged falsity of his statements is irrelevant because an allegation of falsity does not

17  determine whether his statement is protected under the anti-SLAPP statute.  *Id.*  Rather, the key

18  question in an anti-SLAPP analysis is whether the cause of action is based on the defendants' speech

19  or petitioning activity.  *Id.* (citing *Navellier v. Sletton, supra*).  Toy argues that his statements

20  instigated an official proceeding and thus Plaintiff's fifth cause of action arises from his protected

21  statements.  *Id.*, at 2.  Toy also argues that his statements do not need to be in connection with a

22  public issue because:

23    [w]hen the defendant's alleged acts fall under the first two prongs of [the anti-SLAPP statute] . . .
  . the defendant is not required to independently demonstrate that the matter is a 'public issue'
24    within the statute's meaning.

25  *Id.* (quoting *Navarro v. IHOP Properties, Inc.,* 134 Cal. App. 4th 834, 842-43 (2005)).  Toy

26  contends that he satisfies that requirement.

27

28                 15

United States District Court

For the Northern District of California

1    Further, Toy acknowledge's that not all employer investigations are official proceedings, but

2   he asserts that a public entity's internal investigation constitutes an official proceeding.

3   Accordingly, Toy argues that the anti-SLAPP statute applies.

4    Relying on *Hansen, supra* 171 Cal. App. 4th at 1544, Toy reiterates his argument that while

5   not all employer investigations are official proceedings Toy's statements qualify because they were

6   made to prompt an official proceeding. *Id.*  Nevertheless, Toy states that even if the internal

7   investigation was not an official proceeding, the investigation could lead to discipline that is

8   reviewable by writ of mandate. *Id.*, at 3.  Moreover, Toy argues that to receive protection under the

9   anti-SLAPP statute the statements need to only have "some relation" to the official proceeding. *Id.*,

10  at 2.

11   He also argues that in ruling on an anti-SLAPP motion, the Plaintiff's Complaint is analyzed

12  on its face and the Court does not determine if the Complaint could be amended to state a viable

13  claim. *Id.*  Therefore, Toy contends that it is irrelevant whether Toy communicated the defamatory

14  statements to people outside of Internal Affairs. *Id.*, at 2-3.

15   With respect to the second prong of the anti-SLAPP statute, Toy asserts that Plaintiff is

16  incorrect in her argument that the defense of privilege must be pled in answer to be avoided. *Id.,* at

17  3.  To the contrary, Toy argues that section 47 applies in support of an anti-SLAPP motion before an

18  answer has even been filed. *Id.*  Toy argues that the absolute privilege applies regardless of the

19  falsity of the statement. *Id.*, at 4.  Thus, he argues that he is immune from liability. *Id.*

20  **III.    ANALYSIS**

21      **A.      Defendants' Motion to Dismiss**

22          **1.      Legal Standard**

23              **a.      Motion to Dismiss**

24   Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it

25  fails to state a claim upon which relief can be granted.  Fed.R.Civ.P.12(b)(6).  To survive a FRCP

26  12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is

27  plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007).  This "facial

28                                                                                 16

plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The court must assume the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).   However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Sciences Security Litigation,* 536 F.3d 1049, 1055 (9th Cir. 2008).

If a court dismisses a complaint under FRCP 12(b)(6), it must then decide whether to grant leave to amend.  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).  "[D]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Wilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted).

### b.    California Government Claims Act

Before a person can sue a public entity or public employee for money damages for actions taken within the scope of the person's employment, he or she must first file a government claim pursuant to the CGCA, codified at California Government Code section 810 *et seq*.  *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969)*; Briggs v. Lawrence*, 30 Cal. App. 3d 605, 613 (1991); Cal. Gov't. Code §§ 950.2, 950.6.  The government claim must be filed or presented to the public entity no later than six months after the cause of action accrues.  California Government Code § 911.2.  A plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement." *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1243 (2004);  *Mangold v. California Public Utilities Commission,* 67 F.3d 1470, 1477 (9th Cir. 1995) (quoting *Snipes v. City of Bakersfield,* 145 Cal. App. 3d 861, 865 (1983)  ("Where compliance with the [CGCA] is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is

17

**United States District Court**

For the Northern District of California

subject to general demurrer."); *D.K. ex rel. G.M. v. Solano County Office of Education*, 667 F.

Supp. 2d 1184, 1195 (E.D. Cal. 2009); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d

621, 627 (9th Cir. 1988); *Flanagan v. Benicia Unified School District*, 2008 WL 435355 (E.D. Cal.

Feb. 14, 2008). "[A] bare allegation that the [CGCA] has been followed would seem to be a mere

conclusion that is insufficient under *Iqbal* and *Twombly . . . ." Young v. City of Visalia,* 687 F.

Supp. 2d 1141, 1152 (E.D. Cal. 2009).

The CGCA "must be satisfied even in the face of the public entity's actual knowledge of the

circumstances surrounding the claim." (citations and internal quotation marks omitted) *City of*

*Stockton*, 42 Cal. 4th at 738. "The purposes of the general claims presentation requirement are to

give the governmental entity an opportunity to settle claims before suit is brought, to permit early

investigation of the facts, to facilitate fiscal planning for potential liabilities, and to avoid similar

liabilities in the future." *Snipes,* 145 Cal. App. 3d at 869.

There are exceptions to the government claim filing requirement. The filing requirement

does not apply to either non-pecuniary actions such as injunctive, specific, or declaratory relief, or

causes of action based upon federal law. *Canova v. Trustees of Imperial Irrigation District*

*Employment Pension Plan*, 150 Cal. App. 4th 1487, 1493 (2007). Public agencies are required to

file updated identifying information with the California Secretary of State and County Clerk's office,

and the failure to do so entitles the claimant to ignore the claim filing requirement. *Wilson v. San*

*Francisco Redevelopment Agency*, 19 Cal. 3d 555, 559 (1977); § 53051.

### 2. Application of the Law to the Facts of the Case

Plaintiff argues that she is not required to provide factual allegations that state a legally

sufficient excuse for her noncompliance with the CGCA. Opp. to Motion to Dismiss at 2. Plaintiff

is incorrect. California law is clear that the CGCA requires a plaintiff to state factual reasons for

compliance or noncompliance in his or her complaint. *State of California*, 32 Cal. 4th at 1243. If a

plaintiff has only partially complied with the requirements (or the compliance is defective), a

plaintiff must demonstrate "substantial compliance" by showing that "sufficient information [was]

disclosed on the face of the filed claim to reasonably enable the public entity to make an adequate

United States District Court
For the Northern District of California

1    investigation of the merits of the claim and to settle it without the expense of a lawsuit." *San Jose v.*

2    *Super. Ct*., 12 Cal.3d 447, 456 (1974).

3         Here, Plaintiff neither alleges compliance with the CGCA nor provides a justification to

4    excuse her noncompliance in the Complaint.  Plaintiff's Complaint makes no mention of the CGCA.

5    As such, Plaintiff has not alleged a legally sufficient defamation claim.

6         While "compliance with the claims statute is mandatory and failure to file a claim is fatal to

7    the cause of action," it does not necessarily result in dismissal.  *Young v. City of Visalia*, 687 F.

8    Supp. 2d 1141, 1152 (E.D. Cal. 2009) (quoting *Hacienda La Puente Unified School District v.*

9    *Honig,* 976 F.2d 487, 494 (9th Cir. 1992)).  Rather, a plaintiff who fails to comply with the CGCA is

10   merely *subject* to a motion to dismiss.  The court has discretion to dismiss with leave to amend to

11   obtain compliance with the CGCA, unless it "could not possibly be cured by the allegation of other

12   facts." *Lopez*, 203 F.3d at 1130.

13        In her briefing, Plaintiff does not suggest that she complied with the statute.  Plaintiff makes

14   three arguments to excuse her non-compliance with the CGCA: 1) it is not apparent from the face of

15   her Complaint whether the County filed the required identifying information with the California

16   Secretary of State and the County Clerk, so extrinsic evidence is needed to prove whether it did so;

17   2) if Plaintiff's employment contract with the County provides an alternative claim procedure, then

18   the CGCA claim filing requirement does not apply, and extrinsic evidence is needed to prove this

19   excuse; and 3) the CGCA claim filing requirement does not apply to claims seeking injunctive relief

20   and Plaintiff seeks injunctive relief.  Alternatively, Plaintiff seeks leave to amend her Complaint to

21   state individual capacity damages against Toy and Robinson, which would be excused from the

22   CGCA claim filing requirement.  The Court will address each argument in turn.

23        Plaintiff's first argument is that because it is uncertain from the face of her complaint

24   whether the County complied with section 53051, the Motion to Dismiss should be denied.  Plaintiff

25   is incorrect.  A party suing a public employee or public entity is required to assert reasons in its

26   complaint for its noncompliance with the CGCA.  *Bodde*, *supra*, 32 Cal. 4th at 1240.  Plaintiff's

27   Complaint fails to do so, as it contains no mention of the County's failure to file identifying

28

                                                      19

**United States District Court**
For the Northern District of California

1   information with the California Secretary of State and the County Clerk.  Moreover, section 53051

2   does not apply to the County because it is not a public agency under Government Code section

3   53050.  Section 53051 only applies to public agencies, and section 53050 defines a public agency as

4   "a district, public authority, public agency, and any other political subdivision or public corporation

5   in the state, but does not include the state or a county, city and county, or city."  Government Code

6   section 53050.  Even though Plaintiff's Complaint alleges that the Alameda County Probation

7   Department committed wrongdoing, Alameda County itself is a named party in her Complaint (not

8   the Alameda County Probation Department).  Summons at 1.  As such, Alameda County's potential

9   failure to file identifying information is not relevant because it does not meet the definition of a

10   public agency needed for the application of section 53051.

11          The second argument is similarly unavailing.  Plaintiff's Complaint makes no mention of the

12   MOU, nor does it suggest a possible alternative claim procedure that would excuse her

13   noncompliance with the CGCA.  Under the CGCA claims filing requirement, the Plaintiff is

14   required to allege reasons for compliance or noncompliance with the CGCA in the Complaint.  The

15   possibility that the MOU might contain an alternative claim procedure is not mentioned in her

16   Complaint, and thus is not sufficient to defeat the Motion to Dismiss.

17          The Plaintiff's third argument fares no better.  Plaintiff seeks both injunctive and monetary

18   relief.  Her fifth cause of action includes a request for "punitive damages against [Robinson] and

19   Toy in a total amount to be established by proof at trial."  Compl., ¶ 54.  Plaintiff seeks injunctive

20   relief in her Complaint, but it is not included in her fifth cause of action.  *Id*.  The CGCA applies the

21   claim filing requirement to "all claims for money or damages."  California Government Code

22   Section 905.  Plaintiff's request for punitive damages for her defamation claim triggers application

23   of the CGCA.

24          Moreover, even if Plaintiff's defamation claim seeks injunctive relief or her general relief

25   sought pertains to her defamation claim, a CGCA claim is still required if she also seeks monetary

26   damages that are not incidental to the relief sought.  *Lozada v. City & County of San Francisco*,  145

27   Cal. App. 4th 1139, 1146-47 (2006).  Plaintiff's claim for monetary damages is "more than

28                                                                20

incidental" to her request for injunctive relief, as damages are the only relief specifically requested in her fifth cause of action.  Compl., ¶ 54.  Thus, monetary damages are central to her defamation claim.  Regardless of whether Plaintiff seeks injunctive relief for her defamation claim, she was still required to comply with the CGCA because her monetary relief claims were more than incidental.

Accordingly, the defamation claim must be dismissed.  The question becomes whether Plaintiff should be given leave to amend.

With respect to Plaintiff's first excuse for her noncompliance, the Court agrees with the Defendant that granting leave to amend to allege this excuse would be futile because Alameda County is 'a county' and thus excluded from section 53051.  Thus Plaintiff cannot allege facts in an amended complaint to cure this deficiency on the ground that the CGCA does not apply to her.

With respect to Plaintiff's second proffered excuse for her noncompliance, Defendants are correct that the court has taken judicial notice of a Memorandum of Understanding between a county employer and its employee association per Federal Rule of Evidence 201.  Request for Judicial Notice of MOU at 1.  Here, the MOU does not contain a specific alternative claim procedure for defamation.  As such, the MOU does not provide an alternative claim procedure that could supercede the CGCA claim filing requirement.  Consequently, granting leave to amend for this reason would be futile because the MOU does not contain an alternative claim procedure.

With respect to Plaintiff's third argument, even if Plaintiff's Complaint were amended to include a request for injunctive relief specifically for her defamation claim and to drop any request for damages, the Court finds that she nevertheless is unable to prevail.  Plaintiff has proffered no basis to request injunctive relief because an adequate remedy at law exists – monetary damages.  The "basic doctrine of equity jurisprudence [provides] that courts of equity should not act . . .  when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger v. Harris*, 401 U.S. 37, 43-44 (1971).  Therefore, it is futile to grant Plaintiff leave to amend to include a request for injunctive relief because an adequate remedy at law was available.

1    Finally, the Court is not persuaded by Plaintiff's request to amend her Complaint with new

2   claims that are exempt from the claims filing requirement, such as "individual capacity damages

3   actions against H. Robinson and/or Toy under section 1983, the constitution or individual FEHA

4   claims." Opp. at 6.  In essence, Plaintiff seeks to amend her Complaint to add new claims other than

5   her defamation claim.  Although Plaintiff is free to seek leave, by noticed Motion, to file new claims,

6   adding new claims does not cure the defects in her defamation claim.

7    Consequently, the Court finds that Plaintiff's defamation claim fails to state a claim upon

8   which relief can be granted because Plaintiff neither alleges compliance nor states facts supporting

9   noncompliance with the CGCA.  Plaintiff's Complaint "could not possibly be cured by the

10   allegations of other facts," (*Lopez*, 203 F.3d at 1130) and Defendants' Motion to Dismiss the fifth

11   claim for relief is GRANTED WITH PREJUDICE.

12    **B.    Toy's Motion to Strike**

13    Because the issue of attorney fees and costs is not rendered moot by a dismissal, the Court

14   proceeds to an analysis of the Defendant's Motion to Strike.  *Sylmar Air Conditioning v. Pueblo*

15   *Contracting Services, Inc.,* 122. Cal. App. 4th 1049, 1054-55 (2004).

16    **1.    Anti-SLAPP Legal Standard**

17    The legislature's intent in enacting the anti-SLAPP statute is to "encourage continued

18   participation in matters of public significance, and that this participation should not be chilled

19   through abuse of the judicial process."  Cal. Code. Civ. P. § 425.16(a).  California's anti-SLAPP

20   statute provides:

21    A cause of action against a person arising from any act of that person in furtherance of the
     person's right of petition or free speech under the United States Constitution or the California

22    Constitution in connection with a public issue shall be subject to a special motion to strike,
     unless the court determines that the plaintiff has established that there is a probability that the

23    plaintiff will prevail on the claim[.]

24   Cal.Code Civ. P. § 425.16(b)(1).  The Ninth Circuit has held that this provision may be applied to

25   state law claims that are asserted in federal court.  *U.S. ex. rel. Newsham v. Lockheed Missiles and*

26   *Space, Co., Inc.,* 190 F.3d 963, 973 (9th Cir. 1999).

27

28                                    22

1    "Special procedural rules apply where an anti-SLAPP motion is brought in federal court."

2    *Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.,* 448 F. Supp. 2d 1172, 1180 (C.D. Cal.

3    2006).  A motion to strike brought under section 425.16 may be based on a defect in a complaint,

4    including legal deficiencies addressable on a motion to dismiss under FRCP 12(b)(6), or a failure to

5    support a stated claim with evidence, analogous to a FRCP 56 summary judgment motion.  *Condit v.*

6    *National Enquirer, Inc.*, 248 F. Supp. 2d 945, 952 (E.D. Cal. 2002).  As one district court explained:

7            § 425.16 applies in federal court. However, it cannot be used in a manner that conflicts with
         the Federal Rules. This results in the following outcome: If a defendant makes a special
8        motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be
         treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee
9        provision of § 425.16(c) applies. If a defendant makes a special motion to strike based on the
         plaintiff's alleged failure of proof, the motion must be treated in the same manner as a motion
10       under Rule 56 except that again the attorney's fees provision of § 425.16(c) applies.

11   *Carr v. Asset Acceptance, LLC*, 2011 WL 3568338 *3 (E.D.Cal. Aug.12, 2011)  (quoting *Rogers v.*

12   *Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (C.D. Cal.1999)).

13           The analysis of an anti-SLAPP motion is a two-step burden-shifting process.  First, the

14   defendant has the initial burden to establish that the plaintiff's claim arises from an act in furtherance

15   of the defendant's rights of petition or free speech in connection with a public issue.  *Browne v.*

16   *McCain*, 611 F. Supp. 2d 1062, 1067 (C.D. Cal. 2009).  California's anti-SLAPP statute defines an

17   "act in furtherance of a person's right of petition or free speech . . .  in connection with a public

18   issue" as:

19           (1) any written or oral statement or writing made before a legislative, executive, or
         judicial proceeding, or any other official proceeding authorized by law, (2) any written or
20       oral statement or writing made in connection with an issue under consideration or review
         by a legislative, executive, or judicial body, or any other official proceeding authorized
21       by law, (3) any written or oral statement or writing made in a place open to the public or
         a public forum in connection with an issue of public interest, or (4) any other conduct in
22       furtherance of the exercise of the constitutional right of petition or the constitutional right
         of free speech in connection with a public issue or an issue of public interest.
23

24   § 425.16(e).  If the defendant's actions were taken in furtherance of his or her right of petition or

25   free speech, then the defendant's actions constitute a protected activity.  Further, "just as

26   communications preparatory to or in anticipation of the bringing of the action or other official

27   proceedings are within the protection of the litigation privilege of California Civil Code § 47,

28
                                              23

United States District Court

For the Northern District of California

1 subdivision (b) . . . such statements are equally entitled to the benefits of § 425.16." *Briggs v.*

2 *Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1114 (1999) (citations and internal

3 quotation marks omitted).  Public employees are "'persons' entitled to protection under section

4 425.16, subdivision (b)." *Santa Barbara County Coalition against Auto Subsidies v. Santa*

5 *Barbara County Association of Governments,* 167 Cal. App. 4th 1229, 1237 (2008).

6  Second, if the defendant meets its initial burden, the plaintiff is then charged with the

7 burden of establishing, by competent and admissible evidence, a probability of prevailing on his

8 or her claims at trial.  *Browne,* F. Supp. 2d at 1067–68.  "Put another way, the plaintiff 'must

9 demonstrate that the complaint is both legally sufficient and supported by a sufficient prima

10 facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff

11 is credited.'"  *Wilson v. Parker*, 28 Cal. 4th 811, 821 (2002) (quoting *Matson v. Dvorak,* 40 Cal.

12 App. 4th 539, 548 (1995)).

13  Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute – *i.e.*, that arises

14 from protected speech or petitioning *and* lacks even minimal merit – *is* a SLAPP, subject to

15 being stricken under the statute."  *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002).

16   **2.**  **Application of the Facts to the Case - First Prong**

17  Under the first prong of the anti-SLAPP statute, the Court must determine whether Toy's

18 defamatory statements were from an act in furtherance of his right of free speech in connection

19 with a public issue, thus constituting a protected activity.  A statement must fall under one of

20 the four categories in section 425.16(e) to be in furtherance of one's right of free speech.[6]

21

22

23 ―――――――――――

24  [6] "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or

25 writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or

26 writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or

27 the constitutional right of free speech in connection with a public issue or an issue of public interest." Section 425.16(e).

28

1    Plaintiff's allegations regarding defamatory statements fall into two categories:  1) Toy's

2    statements made to Internal Affairs and 2) Toy's statements allegedly made to people outside of

3    Internal Affairs.

4    Plaintiff argues that Toy's statements to Internal Affairs were made prior to an official

5    proceeding, and not *in* such a proceeding, so the anti-SLAPP statute does not apply.  Motion To

6    Strike at 1.  The Court disagrees.

7                    **a.       Statements to Internal Affairs**

8                    The Court finds that even though Toy's defamatory statements to Internal Affairs

9    did not occur during an official proceeding, they were "intended to instigate official

10   investigation into wrongdoing."  *Hagberg v. California Federal Bank FSB*, 32 Cal. 4th 39, 369

11   (2004) (protected communication includes communication "designed to prompt action by that

12   agency [because it] is as much a part of an 'official proceeding' as a communication made after

13   an official investigation has commenced . . . . [it] is not required that the statement be made

14   during the proceeding itself.").  As such, Toy statements to Internal Affairs about Plaintiff prior

15   to an official proceeding were "absolute[ly] privilege[d]" under Civil Code section 47,

16   subdivision 9(b), if they prompted an official proceeding.  *Johnson v. Symantec Corp.*, 58 F.

17   Supp. 2d 1107, 1109 (N.D. Cal. 1999).  Internal Affairs, which conducts internal investigations,

18   qualifies as an official administrative agency and statements made to initiate an official

19   proceeding are protected activities.

20                   Toy e-mailed members of Internal Affairs and told them about the incident in the

21   waiting room.  Plaintiff's Affidavit, Attachment 1.  His e-mail states that he "just want[ed] to

22   cover [himself] and make [Internal Affairs] aware just in case anything happens to [him] or

23   [his] property," and he did "not intend for this to be used in any other way but to inform

24   [Internal Affairs]."  *Id*.  The Court finds that Toy's email to Internal Affairs, communicating the

25   fact that he had been threatened by the Plaintiff would initiate an internal investigation that

26   would qualify as an "official proceeding."

27

28                                                  25

United States District Court

For the Northern District of California

Plaintiff also contends that Toy's defamatory statements to Internal Affairs do not constitute an official proceeding because such proceedings are generally not "reviewable by a writ of mandate." (citations omitted) *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 339 (2008). The Court disagrees. Under California law, a protected activity "encompasse[s] any communication to an official administrative agency . . . ." (citations omitted) *Hagberg*, 32 Cal.4th 39 at 367; *see also, Brown v. Department of Corrections*, 132 Cal. App. 4th 520, 525–526 (2005) (the litigation privilege applies when a report is filed with an appropriate regulatory agency). Moreover, in *Hansen v. California Departments of Correction & Rehabilitation*, 171 Cal. App. 4th 1537, 1544 (2008), the court held that an "internal investigation itself was an official proceeding authorized by law." Therefore, the lack of review by writ of mandate is not sufficient to bar Toy's allegedly defamatory statements to Internal Affairs from protection.

Plaintiff also argues that Toy cannot satisfy the anti-SLAPP statute's requirement of demonstrating that his statements were made "in connection with a public issue." The Plaintiff is incorrect. A statement is a public issue if:

> (1) The subject of the statement or activity precipitating the claim was a person or entity in the public eye. (2) The statement or activity precipitating the claim involved conduct that could affect large numbers of people beyond the direct participants. [or] (3) The statement or activity precipitating the claim involved a topic of widespread public interest.

*Commonwealth Energy Corp. v. Investor Data Exch. Inc.*, 110 Cal. App. 4th 26, 33 (2003).

The Court in *Navarro* noted, "[w]hen the defendant's alleged acts fall under the first two prongs of section 425.16 . . . the defendant is not required to independently demonstrate that the matter is a 'public issue' within the statute's meaning." *Navarro.*, 134 Cal. App. 4th at 842-43. Here, Toy's allegedly defamatory statements to Internal Affairs were 1) "made before . . . [an] official proceeding authorized by law" and 2) the allegations were "made in connection with an issue under consideration or review by . . . [an] official proceeding authorized by law." § 425.16. Therefore, Toy does not need to show that his statements to Internal Affairs concerned a public issue in order to satisfy the first prong of the anti-SLAPP analysis.

26

1

>    **b.    Toy's Statements Made to Individuals Outside of Internal Affairs**

2       Plaintiff's Complaint also contains allegations that Toy told people outside of Internal

3   Affairs that Plaintiff had threatened him.  Compl., ¶ 52; Opp. to Motion to Strike at 2, 7.  Toy

4   ignores these allegations in his Motion to Strike.  In Toy's email to Internal Affairs, he refers to

5   the fact that he has "consulted" with other people about Plaintiff's threat.  Pl.'s Affidavit,

6   Attachment 1.  Toy's communications to people outside of Internal Affairs about Plaintiff's

7   threat are not made in furtherance of one's right of free speech.  Specifically, the statements do

8   not fall within any of the four categories in section 425.16(e).  Therefore, with respect to Toy's

9   statements to people outside of Internal Affairs, he has not met his burden of showing that his

10  statements were made in furtherance of his right of petition or free speech in connection with a

11  public issue.  "Where a cause of action refers to both protected and unprotected activity and a

12  plaintiff can show a probability of prevailing on any part of its claim, the cause of action is not

13  meritless and will not be subject to the anti-SLAPP procedure."  *Haight Ashbury Free Clinics,*

14  *Inc.*, 184 Cal. App. 4th at 1554.  However, as explained below, because Plaintiff cannot show a

15  probability of prevailing on any part of her defamation claim, the Defendant's failure to satisfy

16  the first prong with respect to statements made to others outside of Internal Affairs is not fatal to

17  his Motion to Strike.

18  >    **3.    Application of the Law to the Facts of the Case - Second Prong**

19      As to the second prong of the anti-SLAPP analysis, the Court has dismissed the Plaintiff's

20  defamation claim with prejudice.  Although a Rule 12(b)(6) Motion does not moot an anti-

21  SLAPP motion to strike, it demonstrates that the Plaintiff cannot show probability of success on

22  the merits of her claim.  *See e.g., Bhambra v. True*, 2010 WL 1758895 at *2 (N.D. Cal., April

23  30, 2010) (Breyer, J.) (citation omitted).  Because the defamation claim is "based on the

24  [D]efendant's protected free speech or petitioning activity," *Navellier*, 29 Cal.4th at 89, and

25  because Plaintiff has no probability of success on her claim, the Defendant's Motion to Strike

26  must be GRANTED.

27  //

28

**IV.    CONCLUSION**

For the reasons stated above, the motion to dismiss Plaintiff's fifth cause of action for failure to state a claim upon which relief can be granted is GRANTED WITH PREJUDICE. Toy's special motion to strike Plaintiff's fifth cause of action is GRANTED.


IT IS SO ORDERED.

Dated: June 21, 2012.

_____
JOSEPH C. SPERO
United States Magistrate Judge

**United States District Court**
For the Northern District of California

28